# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. DIXON,<br><br>                  Plaintiff,<br><br>    v.<br><br>MICHAEL ALTWESH, et al.,<br><br>                  Defendants. | CIVIL ACTION NO.1:15-CV-02020<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

### I. BACKGROUND

*Pro se* Plaintiff Michael A. Dixon, an inmate currently incarcerated at the State Correctional Institution at Rockview, located in Bellefonte, Pennsylvania, initiated this civil action pursuant to 42 U.S.C. § 1983 by the filing of a complaint in this matter on October 16, 2015. (Doc. 1). In his complaint, Plaintiff challenges the validity of his underlying criminal conviction as based on illegally obtained evidence in violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 1). An application to proceed *in forma pauperis* was filed together with the complaint. (Doc. 2).[1] On January 27, 2016, Plaintiff filed a "Motion to Quash." (Doc. 11). In his motion, Plaintiff requests that the Court "quash his petition for *in forma pauperis* status and quash and close this 42 U.S.C. [§] 1983 civil action," as he "has neither the time, money, or legal knowledge to litigate this case." (Doc. 11).

---

[1] Plaintiff's motion to proceed *in forma pauperis* is currently pending before the Court.

**II.    DISCUSSION**

The Court has an obligation to liberally construe *pro se* pleadings and other submissions. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013). While Plaintiff styles this submission as a "Motion to Quash," the unambiguous language of the pleading suggests that Plaintiff seeks to voluntarily dismiss this action in accordance with Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. 14). Thus, this Court is inclined to liberally construe the motion as a notice of voluntary dismissal with regard to the entire action.

Voluntary dismissal of an action is governed by Rule 41(a). Rule 41(a) "allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987). Specifically, Rule 41(a) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> Fed.R.Civ.P. 41(a)(1)(A)(i)-(B).

"This right of the plaintiff is 'unfettered'. . . . A proper notice deprives the district court of jurisdiction to decide the merits of the case." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165-66 (3d Cir. 2008) (citations omitted). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." *In re Bath & Kitchen Fixtures*, 535 F.3d at 165. The effect of filing a Rule 41(a)(1) notice of voluntary dismissal before service of an answer or a motion for summary judgment is "automatic: the defendant does not file a

response, and no order of the district court is needed to end the action." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d at 165.

In applying Rule 41(a)(1)(A)(i) to the matter *sub judice*, the undersigned finds that Plaintiff's filing sufficiently operates as a notice of voluntary dismissal of this action, as Plaintiff filed the notice prior to Defendants serving an answer or a motion for summary judgment. Furthermore, this notice results in a dismissal without prejudice because it appears that Plaintiff has never dismissed an action based on or including the same claim in a prior case. Accordingly, Plaintiff's "Motion to Quash," construed as a Rule 41(a)(1)(A)(i) notice of voluntary dismissal is "self-effectuating" and thus, acts to terminate the action.

### III. RECOMMENDATION

Based on the foregoing, it is recommend that:

1. Plaintiff's "Motion to Quash" (Doc. 11), be **CONSTRUED** as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i);

2. This action be **DISMISSED WITHOUT PREJUDICE** at the request of the Plaintiff pursuant to Fed. R. Civ. P. 41(a)(1);

3. Plaintiff's pending application for leave to proceed *in forma pauperis* (Doc. 2), and motion to appoint counsel (Doc. 7), be **DENIED AS MOOT**; and

4. The Clerk be directed to **CLOSE** this case.

Dated: January 29, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. DIXON,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL ALTWESH, et al.,<br><br>        Defendants. | CIVIL ACTION NO.1:15-CV-02020<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 29, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 29, 2016**                           *s/ Karoline Mehalchick*
                                                                                         **KAROLINE MEHALCHICK**
                                                                                         **United States Magistrate Judge**